**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-17-00317-003-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Kevin Dean McCoy, | |
| Defendant. | |

    Pending before the Court is Defendant Kevin Dean McCoy's Motion to Remove Separatee/No Contact Order. (Doc. 322). The government has no objection to the request. (Doc. 324). Accordingly, the Court will grant Defendant's Motion.

    Defendant is currently serving a sentence of 180 months in custody on one count of Conspiracy to Possess with Intent to Distribute Controlled Substances and one count of Money Laundering Conspiracy. (Doc. 245 at 1). Defendant now moves to remove the "separatee/no contact" order between him and his fiancée/co-defendant, Amber Nicole Worrell who is serving a prison term of 120 months for her role in the conspiracies. (Doc. 229 at 1). Defendant would like the no contact condition removed so he can marry Worrell. (Doc. 322 at 2).

    A condition "limit[ing] a defendant to associating with 'law-abiding individuals'" is permissible. *United States v. Napulou*, 593 F.3d 1041, 1045 (9th Cir. 2010). However, when that condition prohibits an individual from contacting someone with whom the individual has an intimate relationship, it implicates a particular significant liberty

interest. *United States v. Wolf Child*, 699 F.3d 1082, 1091 (9th Cir. 2012); *Napulou*, 593 F.3d at 1047 (quoting *United States v. Weber*, 451 F.3d 552, 568 (9th Cir. 2006)); *United States v. Daniels*, 541 F.3d 915, 924 (9th Cir. 2008). But just because an "intimate relationship" exists does not mean that the condition is invalid. The court must then examine the substantive reasonableness of the condition, *Wolf Child*, 699 F.3d at 1090, and provide a "sufficient explanation" why this significant infringement on the defendant's liberty interest is necessary. *United States v. Collins*, 684 F.3d 873, 890 (9th Cir. 2012).

Here, Defendant is in an intimate relationship with Worrell that predates their crimes. Both Defendant and Worrell still have significant time to serve on their prison terms. Any concern that lifting the no contact order could lead to recidivism is mitigated by their present incarceration. Moreover, during his incarceration, Defendant has submitted evidence showing that he has been successful in various prison programs, for example completing BOP programming and serving as an Auto repair instructor and mentor to other inmates. Finally, the government has no objections to Defendant's Motion. The government's lack of objection is a strong indicator that removing the no contact order will not be a detriment to society or Defendant and Worrell.

Accordingly,

**IT IS ORDERED** that Defendant's Motion to Remove Separatee/No Contact Order (Doc. 322) is **granted**. Doc. 245 is amended to remove Standard Condition No. 8 as to Defendant Worrell only.

Dated this 8th day of November, 2021.

*/s/ James A. Teilborg*
James A. Teilborg
Senior United States District Judge